## NAFZGER v NIEMAN & TOKER

Ohio Appeals, 2nd Dist, Franklin Co

No 2060.   Decided Feb 9, 1932

C. E. Schumacher, Columbus, for plaintiff.
J. E. Todd, Columbus, and John H. Cooper, Columbus, for defendants.

ALLREAD, PJ.

The defendant claims, first, that this does not involve a natural water course; second, that the plaintiff is now estopped, and third, that the plaintiff's action is barred by statute.  Briefs have been filed on behalf of each of the parties.

Upon consideration of the record and briefs we reach the conclusion first, that the statute of limitations does not apply to a proposition of natural drainage.  The plaintiffs are entitled to have the surface water pass in its natural course or in case of drainage is entitled to have the same passed along the lines of such course as affected by the drainage system.

This action is not destroyed or abated by virtue of §6500, GC.

The next question is as to the doctrine of estoppel.  It is true that there is no plea of estoppel, but we think that is not necessary under the doctrine of the case of **Harris v The Wallace Manufacturing Company, 84 Oh St, 104.**  Upon the doctrine of estoppel the evidence is somewhat crude.

The defendant who built the wall built it upon the line; and while there is some testimony tending to prove that the plaintiff's predecessor in title was present and assented to the building of the wall, yet this evidence is not conclusive, and the most that can be claimed is that the plaintiff must have known of the building of the wall and must by lapse of time have consented to the same.  We are not clear as to the force and effect of this testimony. The most that can be claimed is that the

plaintiffs and their predecessors in title knew of the building of the wall and made no objections to the maintenance thereof. Whether he knew that the wall was built partly upon his land does not affirmatively appear. We think the evidence is not sufficient to prove estoppel.

We are of opinion that the plaintiffs are entitled to some relief. They are entitled to have provision made for the passage of water along the natural way and without obstruction by wall or levy. The question is what sort of relief should be granted. Should the entire wall be ordered destroyed or would an opening in the wall at the lowest point of the swale be sufficient.

We are of opinion that the wall should be opened at the lowest point in the swale for a width sufficient at the ground to answer every purpose of drainage.

If counsel are unable to agree we will hear counsel on this proposition.

Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.