**McCRARY et. v. KNIGHT et.**

Common Pleas Court, Hamilton County.

No. A-123099.   Decided February 6, 1951.

Mitchell Wilby, R. T. Dickerson, Cincinnati, for plaintiffs.
William J. Creed, Cincinnati, for defendants.

**OPINION**

By BADER, J.

This case came before the Court on the demurrer of the defendants to plaintiffs' petition.

Plaintiffs allege that plaintiffs purchased the real estate in the petition described in 1946 and that the lot immediately westwardly fronting on the north side of St. Clair Street is owned by the defendants.

Plaintiffs allege further that about August 1946 they began certain alterations in the residence constructed on their lot and found that the wall in "back of the plaster was rotted away by moisture that had long permeated said wall."

The petition further states that the defendants had changed "the natural surface of the ground by erecting and maintaining a stone wall immediately ajacent to the premises of the plaintiffs and in contact with the plaintiffs' house * * * that the defendants and their predecessors in title maintained a fill about seven (7) feet in depth * * * and * * * there was a cement covering over the top of said fill with a drain designed and intended to drain the cement surface * * * and to cause said water to collect in the ground underneath the cement covering * * * and from there to flow and escape from their premises into and' upon the house on the premises of the plaintiffs."

The plaintiffs further state that "the water so caused to flow and to be discharged * * * was concealed by the cement covering and was not capable of being ascertained by the observation of a person of ordinary care and experience" and was not discovered "* * * until they made the said opening in the west wall of their house for the installation of bathroom water pipes in said wall" in August 1946.

The defendants set forth four reasons for demurrer:

1. Plaintiffs do not state a cause of action against the defendants.

2. Plaintiffs have no cause of action against the defendants.

3. Plaintiffs have failed to bring their action within the time required by the Statute of Limitations.

4. Plaintiffs are guilty of laches in filing their action.

The Court does not agree with defendants that the plain-

tiffs do not state a cause of action or that plaintiffs do not have a cause of action. The petition clearly sets forth that the water was diverted and allowed to collect and that by reason thereof the plaintiffs were damaged.

The defendants for their third reason for demurrer contend that plaintiffs failed to bring their action within the time required by the Statute of Limitations.

It very clearly appears from the petition that the drainage complained of was surface water diverted and "permitted to flow into the ground beneath said paving and from thence into and through the wall of the defendants and in and upon the premises of the plaintiffs as aforesaid * * * that the plaintiffs did not discover and could not have discovered, by any reasonable inspection, * * *" and further that it was not discovered until August 1946. This may or may not be within the four year period wherein plaintiffs can recover inasmuch as the petition was filed on August 11, 1950.

Sec. 11224 GC provides, among other things, the following: "If the action be for trespassing under ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it be for fraud, until the fraud is discovered."

It appears to the Court that the alleged drainage was a continuous nuisance and that the Statute of Limitations would not begin to run until it was discovered, and until the trespass or nuisance by adverse use ripens into and becomes a presumptive right in the state, the plaintiffs may bring their action. **Louisville Brick & Tile Co. v. Calmelat, 6 Oh Ap 435; Gill v. Fletcher, 74 Oh St 295, 78 N. E. 433; Valley Railway Co. v. Franz, 43 Oh St 623, 4 N. E. 88; Nafzger v. Nieman & Toker, 12 Abs 735; 25 O. Jur. 521, Sec. 144; §11224 GC.**

There is nothing in the pleadings to contradict the fact averred in the petition that they had no notice of the original trespass and nuisance until it was discovered in August 1946.

I know of nothing in the law, nor have any cases been cited by counsel, that prevents the assignment of a claim, good or bad, either before or after judgment. The assignee will receive no more or less than the assignor has a right to assign.

The fourth ground for demurrer presented by defendants is that the plaintiffs are guilty of laches. Laches is primarily a defense and may be pleaded as such but where it is given as a ground for a demurrer, it becomes a general demurrer and searches the record. It is true that the petition alleges that the nuisance has continued for many years but they also allege that the trespass and nuisance could not and was not discovered until August 1946.

This case is before the Court on a demurrer and the Court is of the opinion, in view of the allegations in the petition, that the demurrer is not well taken and should be overruled.